ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| PAN AMERICAN PROPERTIES, CORP.<br><br><br>Recurrida<br><br><br>v.<br><br><br>SAZERAC COMPANY, INC. Y CCI BEER DISTRIBUTORS, INC.<br><br><br>Peticionarios | KLCE202400642 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV03030<br><br>Sobre: INTERDICTO PRELIMINAR; SENTENCIA DECLARATORIA; LEY 75; INCUMPLIMIENTO DE CONTRATO; DAÑOS Y PERJUICIOS; INTERFERENCIA TORTICERA CON RELACIÓN CONTRACTUAL; CONTRATO EN PERJUICIO DE TERCERO; COMPETENCIA DESLEAL |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de julio de 2024.

Comparece la parte peticionaria Sazerac Company, Inc. y CC1 Beer Distributors, Inc., (en adelante, parte Peticionaria o Sazerac y CC1, respectivamente), para solicitarnos que se revise y revoque la *Orden* emitida el 7 de junio de 2024 y notificada ese mismo día por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI), en la cual denegó la suspensión de una vista de *injunction*.

Acompañado con este recurso, Sazerac y CC1 radicaron en una *Moción en Auxilio de Jurisdicción*, la cual declaramos *No Ha Lugar* el 10 de junio de 2024 y concedimos un término a la parte

Número Identificador

RES2024 _____

recurrida Pan American Properties, Corp. (en adelante, parte recurrida o PAG) para que presentara su postura sobre el recurso. El 10 de junio de 2024, la parte peticionaria presentó ante nos una *Urgente Moción de Reconsideración y Moción Informativa Sobre Notificación a Parte Recurrida*, la cual fue declarada *No Ha Lugar* ese mismo día.

El 17 de junio de 2024 PAG compareció ante nos presentando un escrito intitulado *Moción de Desestimación por Academicidad o, en la Alternativa, Oposición a la Expedición de la Urgente Petición de Certiorari.*

Con el beneficio de la comparecencia de todas las partes y por los fundamentos que expondremos a continuación y en virtud de las disposiciones de la Regla 83(B)(5) del Reglamento del Tribunal de Apelaciones, se desestima el recurso por haberse tornado académico

**-I-**

El 24 de mayo de 2024, PAG presentó *Demanda Jurada* en este caso.[1] En su demanda, adujo una serie de causas de acción al amparo de la Ley Núm. 75 de 24 de junio de 1964, también conocida como "Ley de Contratos de Distribución" (en adelante, Ley Núm. 75-1964), al igual que, al amparo de otras disposiciones legales dirigidas a impedir que las peticionarias vendan *Fireball Malt* en Puerto Rico. En la misma fecha del 24 de mayo de 2024, PAG presentó una *Petición Urgente de Injunction y en Solicitud de Vista* en función de las alegaciones de su demanda original y la reclamación bajo la Ley Núm. 75-1964 que, dentro de sus remedios, provee para que, si se cumplen ciertos requisitos, se emita un remedio interdictal provisional.[2]

El 28 de mayo de 2024, el Tribunal de Primera Instancia emitió *Orden y Citación* conforme a la cual señaló una vista para el

---

[1] Apéndice del Recurso de *Certiorari*, págs. 1-18.
[2] Apéndice del Recurso de *Certiorari*, págs. 19-30.

31 de mayo de 2024 sobre *injunction* preliminar bajo la Ley Núm. 75-1964.[3] El 31 de mayo de 2024, Sazerac y CC1 presentaron una *Moción de Desestimación Parcial y Oposición a Petición Urgente de Injunction y en Solicitud de Vista* con relación a la demanda original y los remedios provisionales solicitados por PAG. Además, en esa misma fecha, presentaron una *Moción de Conversión de la Vista de Injunction.*[4] El 31 de mayo de 2024, PAG presentó una *Moción Informativa y Notificando Prueba Documental y Testimonial a Presentarse en la Vista de Injunction Preliminar.*[5] Así las cosas, el 31 de mayo de 2024 y notificadas ese mismo día, el foro de instancia emitió tres (3) *Órdenes* tomando conocimiento de la moción dispositiva y de la solicitud de conversión de vista presentadas por Sazerac y CC1.[6]

En adición a lo anterior, en la misma fecha, es decir el 31 de mayo de 2024 se celebró una vista ante el TPI en la cual, entre otras cosas, se calendarizó una vista de *injunction* preliminar bajo la Ley Núm. 75-1964, a tenor con la demanda original y la petición de *injunction* que la acompañó. La misma comenzaría el 10 de junio de 2024 y continuaría los días 12 y 14 de junio del mismo año. También, ordenó a las partes a presentar una moción conjunta sometiendo a consideración de dicho foro tanto la evidencia y hechos estipulados como la evidencia individual de las partes en o antes del 7 de junio de 2024 al mediodía. El término adicional de una semana para presentar la referida moción fue concedido con el objetivo de que las partes evaluaran la evidencia que presentarían en la vista de *injunction* y se prepararan para defender sus respectivos argumentos.[7]

---

[3] Apéndice del Recurso de *Certiorari*, págs. 31-32.
[4] Apéndice del Recurso de *Certiorari*, págs. 33-47.
[5] Apéndice del Recurso de *Certiorari*, págs. 48-231.
[6] Apéndice del Recurso de *Certiorari*, págs. 232-234.
[7] Apéndice del Recurso de *Certiorari*, págs. 235-237.

El 6 de junio de 2024 los abogados de PAG y de Sazerac y CC1 se reunieron mediante videoconferencia para discutir posibles estipulaciones para propósitos de la vista del 10 de junio de 2024. Durante la reunión, ambas partes quedaron en compartir ese mismo día sus propuestas de estipulaciones, así como su evidencia individual. PAG informó que modificaría y añadiría evidencia documental. Posteriormente, a tenor con la Regla 12.2 de Procedimiento Civil, 32 LPRA Ap. V., R.12.1, el 6 de junio de 2024, PAG presentó una *Demanda Enmendada Jurada.*[8]

El 7 de junio de 2024, Sazerac y CC1 presentaron *Moción de Suspensión de Vista de Injunction.*[9] Mediante ésta, solicitaron la suspensión de la vista de *injunction* preliminar señalada con relación a la demanda original, dadas las alteraciones a la reclamación original tras la radicación de la demanda enmendada y la ausencia de notificación de la evidencia a utilizarse por PAG en la misma vista. A su vez, el 7 de junio de 2024 PAG presentó *Oposición a Moción de Suspensión de Vista de Injunction.*[10] En esa misma fecha, Sazerac y CC1 presentaron una *Réplica a Oposición a Moción de Suspensión de Vista de Injunction.*[11]

El 7 de junio de 2024 y notificada ese mismo día, el TPI emitió *Orden* a tenor con la cual denegó la *Moción de Suspensión* presentada por Sazerac y CC1 y, dispuso lo siguiente: "*No Ha Lugar* la solicitud de suspensión de vista de injunction. La referida vista, está pautada para atender la Petición Urgente De Injunction Y En Solicitud De Vista y el remedio solicitado en la misma, no ha sido enmendado".[12]

Inconforme con el dictamen del TPI, el 10 de junio de 2024 la parte Peticionaria presentó el auto de *Certiorari* ante nos, donde

---

[8] Apéndice del Recurso de *Certiorari*, págs. 238-258.
[9] Apéndice del Recurso de *Certiorari*, págs. 259-262.
[10] Apéndice del Recurso de *Certiorari*, págs. 263-264.
[11] Apéndice del Recurso de *Certiorari*, págs. 265-268.
[12] Apéndice del Recurso de *Certiorari*, pág. 269.

imputó al foro primario la comisión del siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SU ORDEN DEL 7 DE JUNIO DE 2024 Y, DE ESTA MANERA, NEGARSE A SUSPENDER LA VISTA DE INJUNCTION PRELIMINAR PAUTADA PARA COMENZAR EL 10 DE JUNIO DE 2024, A PESAR DE QUE, EL 6 DE JUNIO DE 2024, LA PARTE DEMANDANTE ENMENDÓ SUS ALEGACIONES Y, ASÍ, ALTERÓ EL ALCANCE, LA EXTENSIÓN Y LA NATURALEZA DEL CASO DE EPÍGRAFE.

Examinado el recurso en su totalidad y con la comparecencia de las partes, procedemos a establecer el derecho aplicable y resolver.

**-II-**

La academicidad es una de las manifestaciones del concepto de justiciabilidad que enmarca los límites de la función judicial. *CEE v. Depto. de Estado*, 134 DPR 927, 934 (1993). **Un caso es académico cuando pierde su carácter adversativo, bien por cambios fácticos o judiciales, acaecidos durante el trámite judicial y ello torna su solución en ficticia, convirtiéndose en una opinión consultiva.** *Asoc. Foto Periodistas v. Rivera Schatz*, 180 DPR 920, 932-933 (2011); *Angueira v. JLBP*, 150 DPR 10, 19 (2000). **Es decir, el pleito es académico cuando la sentencia que sobre el mismo se dictare, por alguna razón, no podría tener efectos prácticos**. *Cruz v. Administración*, 164 DPR 341, 349 (2005); *ELA v. Aguayo*, 80 DPR 552, 584 (1958). (Énfasis suplido).

Al examinar la academicidad de un caso, se debe evaluar los eventos anteriores, próximos y futuros, a fines de determinar si su condición de controversia viva y presente subsiste con el transcurso del tiempo. *San Antonio Maritime v. P.R. Cement Co.*, 153 DPR 374, 387 (2001). **Una vez se determina que un caso es académico los tribunales tienen el deber de abstenerse y no puede entrar a considerar sus méritos.** *El Vocero v. Junta de Planificación*, 121 DPR 115, 124-125 (1988). (Énfasis suplido).

Existen varias excepciones a la doctrina de academicidad, a saber: (1) casos en los que aun cuando la decisión del tribunal no afecta a las partes involucradas presentan una cuestión recurrente; (2) casos en donde la situación de hechos ha sido modificada voluntariamente por el demandado pero sin visos de permanencia; (3) pleitos de clase en los cuales la controversia se torna académica para un miembro de la clase más no para el representante de la misma; y (4) casos que aparentan ser académicos pero en realidad no lo son por sus consecuencias colaterales. *RBR Construction, SE v. AC*, 149 DPR 836, 846 (1999); *Asoc. de Periodistas v. González*, 127 DPR 704, 719-720 (1991).

Por su parte, la Regla 83 del Reglamento del Tribunal de Apelaciones, en sus incisos (B)(5), 4 LPRA Ap. XXII-B, R. 83(B)(5), establece que este foro apelativo puede, a solicitud de parte o *motu proprio*, respectivamente, desestimar un recurso de *certiorari* si se ha convertido en académico.

**-III-**

Sazerac y CC1 comparecieron ante este Tribunal el pasado 10 de junio de 2024 mediante una *Urgente Petición de Certiorari* y una *Moción de Auxilio de Jurisdicción* para que revocáramos una *Orden* emitida por el Tribunal de Primera Instancia del 7 de junio de 2024, en la cual rechazó posponer una audiencia programada para el 10 de junio de 2024, debido a que las reclamaciones aludidas con la enmienda a la demanda permanecieron de forma idéntica. A raíz de ese nuevo desarrollo, PAG solicitó la desestimación de recurso, que, en esencia, buscaba la suspensión de la Vista de *Injunction. Le asiste razón.* Ciertamente, luego de que el pasado 10 de junio de 2024, el Tribunal de Primera Instancia celebrara la antedicha audiencia, dejó de existir una controversia viva entre las partes. Dichos cambios tornaron académico al presente recurso y procede su desestimación.

Cónsono con el derecho discutido en el acápite anterior, los tribunales solo pueden resolver aquellas controversias que sean justiciables. Analizada la situación fáctica que hoy atendemos, somos del criterio que, después de iniciado el pleito, hechos posteriores lo convierten en académico. Esto, pues, al haberse celebrado la Vista de *Injunction*, la controversia dejó de existir. Ante estas circunstancias, y por entender que no está presente alguna de las excepciones a la doctrina de academicidad, debemos abstenernos de considerar el caso en sus méritos. Toda vez que, el remedio solicitado ante el tribunal no tendría ningún efecto sobre la controversia. *Noriega v. Hernández,* 135 DPR 406,438 (1995).

Por lo que, luego de evaluada la referida solicitud de desestimación presentada por PAG, los documentos que obran en los autos, el derecho aplicable y en virtud de las disposiciones de la Regla 83(B)(5) del Reglamento del Tribunal de Apelaciones, se *desestima* el recurso por haberse tornado académico.

**-IV-**

Por los fundamentos antes expuestos, los cuales hacemos formar parte integral de la presente *Sentencia, desestimamos* el Recurso de *Certiorari* por tornarse académico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones